UNITED STATES DISTRICT COURT FILED DEC 1 - 2011 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY

Revised 07/07 WDNY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Antonio Colon

Name(s) of Plaintiff or Plaintiffs

Jury Trial Demanded: Yes____ No____

-vs-

SPS Temporaries inc.
Canisius College

Name of Defendant or Defendants

**DISCRIMINATION COMPLAINT**

_________-CV-__________

11 CV 1025 - A

You should attach a copy of your **original Equal Employment Opportunity Commission (EEOC) complaint**, a copy of the Equal Employment Opportunity Commission **decision, AND** a copy of the **"Right to Sue"** letter you received from the EEOC to this complaint. Failure to do so may delay your case.

***Note:*** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

_____ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race, color, gender, religion, national origin).

**NOTE**: In order to bring suit in federal district court under Title VII, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

_____ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub.L.No. 99-592, the Civil Rights Act of 1991, Pub.L.No. 102-166).

**NOTE**: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you **must first file charges** with the Equal Employment Opportunity Commission.

_____ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 (amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).

**NOTE:** In order to bring suit in federal district court under the Americans with Disabilities Act, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

**JURISDICTION** is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub.L.No. 102-166, and any related claims under New York law.

**In addition to the federal claims indicated above**, you may wish to include New York State claims, pursuant to 28 U.S.C. § 1367(a).

_____ New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

**PARTIES**

1. My address is: Antonio Colon
3 Mariner Tower Apt. 703
Buffalo New york 14201

My telephone number is: 716 563-0114

2. The name of the employer(s), labor organization, employment agency, apprenticeship committee, state or local government agency who I believe discriminated against me is/are as follows:

Name: SpS. Temp. inc. To Canisius College

Number of employees: 32

Address: 2001 Main st.
Buffalo N.Y.

3. (If different than the above), the name and/or the address of the defendant with whom I sought employment, was employed by, received my paycheck from or whom I believed also controlled the terms and conditions under which I were paid or worked. (For example, you worked for a subsidiary of a larger company and that larger company set personnel policies and issued you your paycheck).

Name: SpS. Temp. inc.

Address: 135 Delaware AVe.
Buffalo NY. 14202.

**CLAIMS**

4. I was first employed by the defendant on (date): 1-24-2010

5. As nearly as possible, the date when the first alleged discriminatory act occurred is: _____

6. As nearly as possible, the date(s) when subsequent acts of discrimination occurred (if any did): From beginin Start Working in Canisius College

7. I believe that the defendant(s)

a. ______ Are still committing these acts against me. he gave Fire
b. ______ Are not still committing these acts against me.
(Complete this next item **only** if you checked "b" above) The last discriminatory act against me occurred on (date) September 30 2010

8. (Complete this section **only** if you filed a complaint with the New York State Division of Human Rights)

The date when I filed a complaint with the New York State Division of Human Rights is 10-20-2010
_ (estimate the date, if necessary)

I filed that complaint in (identify the city and state): Buffalo N.Y. 14201

The Complaint Number was: 10144615

9. The New York State Human Rights Commission did __________ /did not __________ issue a decision. (**NOTE:** If it **did** issue a decision, you **must** **attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

10. The date (if necessary, estimate the date as accurately as possible) I filed charges with the Equal Employment Opportunity Commission (EEOC) regarding defendant's alleged discriminatory conduct is: Next day the Fire me because Idont have Driver Licence

11. The Equal Employment Opportunity Commission did __________ /did not __________ issue a decision. (**NOTE:** If it **did** issue a decision, you **must** **attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

12. The Equal Employment Opportunity Commission issued the attached Notice of Right to Sue letter which I received on: Sept. 2 2011. (**NOTE:** If it

**did** issue a Right to Sue letter, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

13. I am complaining in this action of the following types of actions by the defendants:

a. ______ Failure to provide me with reasonable accommodations to the application process

b. ______ Failure to employ me

c. __✓__ Termination of my employment

d. ______ Failure to promote me

e. ______ Failure to provide me with reasonable accommodations so I can perform the essential functions of my job

f. ______ Harassment on the basis of my sex

g. ______ Harassment on the basis of unequal terms and conditions of my employment

h. __✓__ Retaliation because I complained about discrimination or harassment directed toward me

i. ______ Retaliation because I complained about discrimination or harassment directed toward others

j. ______ Other actions (please describe) Different pay I work For over 8 month. they never give me onesingle Raise.

14. Defendant's conduct is discriminatory with respect to which of the following *(check all that apply)*:

a. __✓__ Race

b. ______ Color

c. ______ Sex

d. ______ Religion

e. ______ National Origin

f. ______ Sexual Harassment

g. ______ Age

________________ Date of birth

h. ____ Disability

Are you incorrectly perceived as being disabled by your employer?

____ yes ____ no

15. I believe that I was __✓__/was not _____ **intentionally** discriminated against by the defendant(s).

16. I believe that the defendant(s) is/are _____ is not/are not _____ still committing these acts against me. (If you answer is that the acts are not still being committed, state when: ________________ and why the defendant(s) stopped committing these acts against you: in Sept. 30 they call me and tolk me I can Wor Any more because I dont have a driven Lice

17. **A copy of the charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of my claim.** (**NOTE**: You **must** attach a copy of the **original complaint** you filed with the Equal Employment Opportunity Commission and a copy of the **Equal Employment Opportunity Commission affidavit** to this complaint; failure to do so will delay initiation of your case.)

18. The Equal Employment Opportunity Commission *(check one)*:
_____ **has not** issued a Right to sue letter
✓ **has** issued a Right to sue letter, which I received on Sept. 2 2011

19. State here as briefly as possible the *facts* of your case. Describe how each defendant is involved, including *dates* and *places*. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. *(Use as much space as you need. Attach extra sheets if necessary.)*

in January 2010 sps hired me to work at canisius college I work For over 8 month. after 90 days they supost to hired me or let me go they never tolk me about driven licence 8 month. Later they give me an aplication to File out. what I did. one month latet they call me the human Resousc. and said I can work any more because I dont have Driven License. an they never Give me oportunity to Speak to the Union and the Union never speak to me. and the always washin me and chekin me every 10 20 minutes. next Day oct. 1 2010 I went. to sps. to let them know about. and they already waitin For me with my paid check. a Rachael From Sps. told me that Canisius College dont. Whant me arround the campus. Because I said I wan to get. my key For my apartment. that I forge to take out of canisius college key an I want to Speak to the Union That why they don't want me arround the Campus

**FOR LITIGANTS ALLEGING <u>AGE DISCRIMINATION</u>**

20. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct
✓ 60 days or more have elapsed ________ less than 60 days have elapsed

**FOR LITIGANTS ALLEGING AN AMERICANS WITH DISABILITIES ACT CLAIM**

21. I first disclosed my disability to my employer (or my employer first became aware of my disability on ______________________________

22. The date on which I first asked my employer for reasonable accommodation of my disability is ______________________________

23. The reasonable accommodations for my disability (if any) that my employer provided to me are: ______________________________

24. The reasonable accommodation provided to me by my employer were _____/were not ______ effective.

**WHEREFORE**, I respectfully request this Court to grant me such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Dated: Dec 1 2011 ______________________________

Plaintiff's Signature

Sworn to before me this date 12-1-2011.

LUIS A SANTIAGO
Notary Public - State of New York
NO. 01SA6072195
Qualified in Erie County
My Commission Expires 4-1-2014

EEOC Form 161 (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Antonio Colon**
**3 Mariner Tower, Apt. 703**
**Buffalo, NY 14201**

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16G-2011-00248** | **Holly M. Woodyard, Investigator** | **(212) 336-3643** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Kevin J. Berry, (signature)

**Kevin J. Berry,**
**District Director**

September 1, 2011
*(Date Mailed)*

Enclosures(s)

cc: **SPS TEMPORARIES, INC.**
**Attn: Director of Human Resources**
**3290 Genesee Street**
**Cheektowaga, NY 14225**

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Antonio Colon**
**3 Mariner Tower, Apt. 703**
**Buffalo, NY 14201**

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16G-2011-00243** | **Holly M. Woodyard, Investigator** | **(212) 336-3643** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

[signature]

**Kevin J. Berry,**
**District Director**

September 1, 2011
*(Date Mailed)*

Enclosures(s)

cc: **CANISIUS COLLEGE**
**Attn: Director of Human Resources**
**2001 Main Street**
**Buffalo, NY 14208**

## DO I NEED A LAWYER?

No, you do not need a lawyer to file a private suit. You may file a complaint in federal court without a lawyer which is called a pro se complaint. Every district court has either a clerk or staff attorney who can assist you in filing pro se. To find out how to file a pro se complaint, contact the clerk of the court having jurisdiction over your case who can advise you of the appropriate person to assist you and of the procedures to follow, which may vary from district to district.

You may, however, wish to retain a lawyer in order to adequately protect your legal rights. Whether you retain a private attorney, or file pro se, you must file your suit in the appropriate court within 90 days of receiving this mailing.

## WHAT IF I WANT A LAWYER BUT I CAN'T AFFORD ONE?

If you can't afford a lawyer, the U.S. District Court which has jurisdiction may assist you in obtaining a lawyer. You must file papers with the court requesting the appointment of counsel. You should consult with the office of the district court that assists pro se complainants for specific instructions on how to seek counsel. The appointment of counsel in any pro se complaint is always at the discretion of the court.

Generally, the U.S. District Court charges a $350.00 filing fee to commence a lawsuit. However, the court may waive the filing fee if you cannot afford to pay it. You should ask the office of the District Court that assists pro se complainants for information concerning the necessary procedure to request that the filing fee be waived.

## HOW CAN I FIND A LAWYER?

These are several attorney referral services operated by bar or other attorney organizations which may be of assistance to you in finding a lawyer to assist you in ascertaining and asserting your legal rights:

American Bar Association
(800) 285-2221 www.abanet.org

New York City Bar Legal Referral Service
(212) 626-7373

New York State Bar Association
(800) 342-3661 www.nysba.org

National Employment Lawyers Association
Referral Service (212) 819-9450
http://www.nelany.com/EN

Your State, City, or Municipal Lawyers or Bar Association may also be of assistance.

## HOW LONG WILL THE EEOC RETAIN MY CASE FILE?

Generally, the Commission's rules call for your charge file to be destroyed after 2 years from the date of a no cause determination or six months after other types of final actions. If you file suit, and wish us to retain your file for more than the normal retention period, you or your attorney should forward a copy of your court complaint to this office within 10 days after you file suit. If You File Suit, You or Your Attorney Should Also Notify this Office When the Lawsuit is Resolved.

# FACTS ABOUT FILING AN EMPLOYMENT DISCRIMINATION SUIT IN FEDERAL COURT IN NEW YORK STATE

You have received a document which is the final determination or other final action of the Commission. This ends our handling of your charge. The Commission's action is effective upon receipt. Now, you must decide whether you want to file a private lawsuit in court. This fact sheet answers several commonly asked questions about filing a private lawsuit.

## WHERE SHOULD I FILE MY LAWSUIT?

Federal District Courts have strict rules concerning where you may file a suit. You may file a lawsuit against the respondent (employer, union, or employment agency) named in your charge. The appropriate court is the district court which covers either the county where the respondent is located or the county where the alleged act of discrimination occurred. New York State has four federal districts:

- The United States District Court for the Southern District of New York is located at 500 Pearl Street in Manhattan. It covers the counties of Bronx, Dutchess, New York (Manhattan), Orange, Putnam, Rockland, Sullivan, and Westchester. (212) 805-0136 http://www.nysd.uscourts.gov

- The United States District Court for the Eastern District of New York is located at 225 Cadman Plaza in Brooklyn and covers the counties of Kings (Brooklyn), Nassau, Queens, Richmond (Staten Island), and Suffolk. (718) 613-2600 http://www.nyed.uscourts.gov

- The United States District Court for the Western District of New York is located at 68 Court Street in Buffalo. It covers the counties of Allegheny, Cattaraugus, Chautauqua, Chemung, Erie, Genesee, Livingston, Monroe, Niagara, Ontario, Orleans, Schuyler, Seneca, Steuben, Wayne, Wyoming, and Yates. (716) 551-4211 http://www.nywd.uscourts.gov

- The United States District Court for the Northern District of New York is located at 100 South Clinton Street in Syracuse and covers the counties of Albany, Broome, Cayuga, Chanango, Clinton, Columbia, Cortland, Delaware, Essex, Franklin, Fulton, Greene, Hamilton, Herkimer, Jefferson, Lewis, Madison, Montgomery, Oneida, Onandaga, Oswego, Otsego, Rensselaer, St. Lawrence, Saratoga, Schenectady, Schoharie, Tioga, Tompkins, Ulster, Warren, and Washington. This District Court's pro Se Attorney has offices at 10 Broad Street in Utica New York. (315) 234-8500 http://www.nynd.uscourts.gov

## WHEN MUST I FILE MY LAWSUIT?

Your private lawsuit must be filed in U.S. District Court within 90 days of the date you receive the enclosed final action. Once this 90 day period is over, unless you have filed suit, you will have lost your right to sue.

(Over)

# FACTS ABOUT FILING AN EMPLOYMENT DISCRIMINATION SUIT IN FEDERAL COURT IN NEW YORK STATE

You have received a document which is the final determination or other final action of the Commission. This ends our handling of your charge. The Commission's action is effective upon receipt. Now, you must decide whether you want to file a private lawsuit in court. This fact sheet answers several commonly asked questions about filing a private lawsuit.

## WHERE SHOULD I FILE MY LAWSUIT?

Federal District Courts have strict rules concerning where you may file a suit. You may file a lawsuit against the respondent (employer, union, or employment agency) named in your charge. The appropriate court is the district court which covers either the county where the respondent is located or the county where the alleged act of discrimination occurred. New York State has four federal districts:

- The United States District Court for the Southern District of New York is located at 500 Pearl Street in Manhattan. It covers the counties of Bronx, Dutchess, New York (Manhattan), Orange, Putnam, Rockland, Sullivan, and Westchester. (212) 805-0136 http://www.nysd.uscourts.gov

- The United States District Court for the Eastern District of New York is located at 225 Cadman Plaza in Brooklyn and covers the counties of Kings (Brooklyn), Nassau, Queens, Richmond (Staten Island), and Suffolk. (718) 613-2600 http://www.nyed.uscourts.gov

- The United States District Court for the Western District of New York is located at 68 Court Street in Buffalo. It covers the counties of Allegheny, Cattaraugus, Chautauqua, Chemung, Erie, Genesee, Livingston, Monroe, Niagara, Ontario, Orleans, Schuyler, Seneca, Steuben, Wayne, Wyoming, and Yates. (716) 551-4211 http://www.nywd.uscourts.gov

- The United States District Court for the Northern District of New York is located at 100 South Clinton Street in Syracuse and covers the counties of Albany, Broome, Cayuga, Chanango, Clinton, Columbia, Cortland, Delaware, Essex, Franklin, Fulton, Greene, Hamilton, Herkimer, Jefferson, Lewis, Madison, Montgomery, Oneida, Onandaga, Oswego, Otsego, Rensselaer, St. Lawrence, Saratoga, Schenectady, Schoharie, Tioga, Tompkins, Ulster, Warren, and Washington. This District Court's pro Se Attorney has offices at 10 Broad Street in Utica New York. (315) 234-8500 http://www.nynd.uscourts.gov

## WHEN MUST I FILE MY LAWSUIT?

Your private lawsuit must be filed in U.S. District Court within 90 days of the date you receive the enclosed final action. Once this 90 day period is over, unless you have filed suit, you will have lost your right to sue.

(Over)

## DO I NEED A LAWYER?

No, you do not need a lawyer to file a private suit. You may file a complaint in federal court without a lawyer which is called a pro se complaint. Every district court has either a clerk or staff attorney who can assist you in filing pro se. To find out how to file a pro se complaint, contact the clerk of the court having jurisdiction over your case who can advise you of the appropriate person to assist you and of the procedures to follow, which may vary from district to district.

You may, however, wish to retain a lawyer in order to adequately protect your legal rights. Whether you retain a private attorney, or file pro se, you must file your suit in the appropriate court within 90 days of receiving this mailing.

## WHAT IF I WANT A LAWYER BUT I CAN'T AFFORD ONE?

If you can't afford a lawyer, the U.S. District Court which has jurisdiction may assist you in obtaining a lawyer. You must file papers with the court requesting the appointment of counsel. You should consult with the office of the district court that assists pro se complainants for specific instructions on how to seek counsel. The appointment of counsel in any pro se complaint is always at the discretion of the court.

Generally, the U.S. District Court charges a $350.00 filing fee to commence a lawsuit. However, the court may waive the filing fee if you cannot afford to pay it. You should ask the office of the District Court that assists pro se complainants for information concerning the necessary procedure to request that the filing fee be waived.

## HOW CAN I FIND A LAWYER?

These are several attorney referral services operated by bar or other attorney organizations which may be of assistance to you in finding a lawyer to assist you in ascertaining and asserting your legal rights:

American Bar Association
(800) 285-2221 www.abanet.org

New York State Bar Association
(800) 342-3661 www.nysba.org

New York City Bar Legal Referral Service
(212) 626-7373

National Employment Lawyers Association
Referral Service (212) 819-9450
http://www.nelany.com/EN

Your State, City, or Municipal Lawyers or Bar Association may also be of assistance.

## HOW LONG WILL THE EEOC RETAIN MY CASE FILE?

Generally, the Commission's rules call for your charge file to be destroyed after 2 years from the date of a no cause determination or six months after other types of final actions. If you file suit, and wish us to retain your file for more than the normal retention period, you or your attorney should forward a copy of your court complaint to this office within 10 days after you file suit. If You File Suit, You or Your Attorney Should Also Notify this Office When the Lawsuit is Resolved.

ANDREW M. CUOMO
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>ANTONIO COLON,<br>Complainant,<br>v.<br>CANISIUS COLLEGE,<br>Respondent. | DETERMINATION AND ORDER AFTER INVESTIGATION<br><br>Case No.<br>10144615 |

Federal Charge No. 16GB100243

On 10/20/2010, Antonio Colon filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of race/color in violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

The record does not contain evidence which supports a belief that Respondent unlawfully discriminated against Complainant. The evidence does not reveal Complainant was subjected to differential treatment or made any complaints alleging discriminatory treatment. Complainant was paid less than permanent employees however, this was not the result of his race. The file documents Respondent made an agreement to hire Complainant provided he obtain his driver's license and that he was notified of such at least a month prior to the elimination of his position. Respondent provided a legitimate non-discriminatory reason Complainant was not hired, he failed to meet the job requirements. There is no evidence this is a pretext as Complainant did not obtain his driver's license.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful

discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated: July 22, 2011
Buffalo, New York

STATE DIVISION OF HUMAN RIGHTS

By: ____________________
Tasha E. Moore
Regional Director

NEW YORK STATE
**DIVISION OF HUMAN RIGHTS**
ONE FORDHAM PLAZA, FOURTH FLOOR
BRONX, NEW YORK 10458

(718) 741-8400
Fax: (718) 741-3214
www.dhr.state.ny.us

ANDREW M. CUOMO
GOVERNOR

GALEN D. KIRKLAND
COMMISSIONER

Dear Division User:

In an effort to improve the quality of the services we offer, the Division of Human Rights is conducting a Customer Satisfaction Survey to measure the overall satisfaction of complainants, respondents, and counsel with the Division's process and personnel. You can participate in the Survey by visiting our website, at: www.dhr.state.ny.us/survey.html.

Please take a few moments and share your thoughts and ideas by completing our online Customer Satisfaction Survey. Your feedback is critical to ensuring that the Division continues to improve and operates in the most professional, fair, and efficient manner as possible. We thank you for helping in that effort.

Sincerely,

Galen D. Kirkland
Commissioner

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>ANTONIO COLON,<br>Complainant,<br>v.<br><br>CANISIUS COLLEGE,<br>Respondent. | AFFIDAVIT OF SERVICE<br><br>Case No.<br>10144615 |

Federal Charge No. 16GB100243

STATE OF NEW YORK )
COUNTY OF ERIE ) SS:

Holly M. Korzen, being duly sworn, deposes and says, that he/she is over the age of 18 years; that he/she is employed by the New York State Division of Human Rights; that on July 22, 2011, he/she served the within DETERMINATION upon:

Complainant
Antonio Colon
3 Mariner Tower, Apt. 703
Buffalo, NY 14201

Respondent
Canisius College
Attn: Deborah Winslow- Schaber- Director of Human Resources
2001 Main Street
Buffalo, NY 14208

Respondent Attorney
Martin F. Idzik, Esq.
Phillips Lytle LLP
8 East Third St., Suite 307
Jamestown, NY 14701

by personally placing true copies of the same, securely enclosed in postpaid wrappers in the post office box/depository under the exclusive care and custody of the United States Postal Service at 65 Court Street, Buffalo, New York.

Dated: July 22, 2011
Buffalo, New York

Holly M. Korzen
Secretary I

Sworn before me this
22nd day of July, 2011

Notary Public

BEVERLY A FRESCHOLTZ
Notary Public, State of New York
Qualified in Erie County
No. 01FR6187237
Commission Expires on May 19, 2012

ANDREW M. CUOMO
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>ANTONIO COLON,<br>Complainant,<br><br>v.<br><br>SPS TEMPORARIES, INC.,<br>Respondent. | DETERMINATION AND ORDER AFTER INVESTIGATION<br><br>Case No. 10144622 |

Federal Charge No. 16GB100248

On 11/3/2010, Antonio Colon filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of race/color in violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

The record does not contain evidence which supports a belief that Respondent unlawfully discriminated against Complainant. The evidence indicates Complainant was hired nine days after he submitted an application, regardless of his race. Respondent employs individuals from a racially diverse work force. There is no evidence Complainant was subjected to disparate treatment or that there is any nexus between his race and Respondent's actions.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human

Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated: July 22, 2011
Buffalo, New York

STATE DIVISION OF HUMAN RIGHTS

By: [signature]
Tasha E. Moore
Regional Director

NEW YORK STATE
**DIVISION OF HUMAN RIGHTS**
ONE FORDHAM PLAZA, FOURTH FLOOR
BRONX, NEW YORK 10458

(718) 741-8400
Fax: (718) 741-3214
www.dhr.state.ny.us

EXCELSIOR

ANDREW M. CUOMO
GOVERNOR

GALEN D. KIRKLAND
COMMISSIONER

Dear Division User:

In an effort to improve the quality of the services we offer, the Division of Human Rights is conducting a Customer Satisfaction Survey to measure the overall satisfaction of complainants, respondents, and counsel with the Division's process and personnel. You can participate in the Survey by visiting our website, at: www.dhr.state.ny.us/survey.html.

Please take a few moments and share your thoughts and ideas by completing our online Customer Satisfaction Survey. Your feedback is critical to ensuring that the Division continues to improve and operates in the most professional, fair, and efficient manner as possible. We thank you for helping in that effort.

Sincerely,

Galen D. Kirkland
Commissioner

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>ANTONIO COLON,<br>Complainant,<br><br>v.<br><br>SPS TEMPORARIES, INC.,<br>Respondent. | AFFIDAVIT OF SERVICE<br><br>Case No.<br>10144622 |

Federal Charge No. 16GB100248

STATE OF NEW YORK )
COUNTY OF ERIE ) SS:

Holly M. Korzen, being duly sworn, deposes and says, that he/she is over the age of 18 years; that he/she is employed by the New York State Division of Human Rights; that on July 22, 2011, he/she served the within DETERMINATION upon:

Complainant
Antonio Colon
3 Mariner Tower, Apt. 703
Buffalo, NY 14201

Respondent
SPS Temporaries, Inc.
2690 Sheridan Drive
Tonawanda, NY 14150

Respondent Attorney
Mark A. Moldenhauer, Esq.
Bond, Schoeneck and King, PLLC
Key Center
40 Fountain Plaza, Suite 600
Buffalo, NY 14202-2200

by personally placing true copies of the same, securely enclosed in postpaid wrappers in the post office box/depository under the exclusive care and custody of the United States Postal Service at 65 Court Street, Buffalo, New York.

Dated: July 22, 2011
Buffalo, New York

Holly M. Korzen
Secretary I

Sworn before me this
22nd day of July, 2011

Notary Public

BEVERLY A FRESCHOLTZ
Notary Public, State of New York
Qualified in Erie County
No. 01FR6187237
Commission Expires on May 19, 2012

DAVID A. PATERSON
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>ANTONIO COLON,<br>Complainant,<br>v.<br><br>CANISIUS COLLEGE,<br>Respondent. | VERIFIED COMPLAINT<br>Pursuant to Executive Law, Article 15<br><br>Case No.<br>**10144615** |

Federal Charge No. 16GB100243

I, Antonio Colon, residing at 3 Mariner Tower, Apt. 703, Buffalo, NY, 14201, charge the above named respondent, whose address is 2001 Main Street, Buffalo, NY, 14208 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of race/color.

Date most recent or continuing discrimination took place is 9/30/2010.

The allegations are:

1. I am Hispanic. Because of this, I have been subject to unlawful discriminatory actions.

2. On January 24, 2010, I was assigned to the respondent by SPS, a temporary employment agency. I last held the job title of janitor in the housekeeping department.

3. I was subjected to differential treatment by the respondent because of my race. For example, during the time I was assigned to the night shift, my supervisor Nate Oliver frequently checked up on me although I had no performance issues. He sometimes checked my work as often as every hour and checked areas I had just cleaned to see if I had stolen

anything, which I never did. He did not treat similarly situated non-Hispanic workers in this manner.

4. In June 2010, I was switched to the day shift by the respondent who was aware that I did not have a driver's license. I became a "24 worker" but I was paid less than a similarly situated Black employee. Before I took over this position, the duties were performed by two people. In addition, the respondent's employees refused to leave me alone in their offices, staying until I was finished cleaning, which they had not done when my predecessor, who was Black, (first and last name unknown) cleaned their offices.

5. On September 1, 2010, I completed an employment application for a cleaner position with the respondent. On September 30, 2010, the respondent told me I could no longer work there because I did not have a driver's license. I believe this was an excuse and that the real reason the respondent did not hire me or allow me to continue working there was because I am Hispanic.

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of race/color, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment). I hereby authorize SDHR to accept this verified complaint on behalf of the U.S. Equal Employment Opportunity Commission (EEOC) subject to the statutory limitations contained in the aforementioned law(s).

I have not commenced any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

Antonio Colon

STATE OF NEW YORK )
COUNTY OF ERIE ) SS:

Antonio Colon, being duly sworn, deposes and says: that he/she is the complainant herein; that he/she has read (or had read to him or her) the foregoing complaint and knows the content thereof; that the same is true of his/her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he/she believes the same to be true.

Antonio Colon

Antonio Colon

Subscribed and sworn to
before me this 19th day
of October, 2010

Beverly A. Fuschold

Signature of Notary Public

NEW YORK STATE
**DIVISION OF HUMAN RIGHTS**
WALTER J. MAHONEY STATE OFFICE BUILDING
65 COURT STREET, SUITE 506
BUFFALO, NEW YORK 14202

(716) 847-7632
Fax: (716) 847-7625
www.dhr.state.ny.us

DAVID A. PATERSON
GOVERNOR

GALEN D. KIRKLAND
COMMISSIONER

November 3, 2010

Antonio Colon
3 Mariner Tower, Apt. 703
Buffalo, NY 14201

Re: Antonio Colon v. SPS Temporaries, Inc.
Case No. 10144622

Dear Antonio Colon:

Please be advised that this office has received your complaint. Your filing date is 11/1/2010.

A copy of your complaint, and the determination, will be sent to the U.S. Equal Employment Opportunity Commission (EEOC), so that your complaint may be dual-filed under applicable federal law. Your EEOC charge number is 16GB100248.

To protect your rights, it is essential that the Division be notified promptly of any change in your address or telephone number. A form is enclosed for this purpose.

You will be contacted by the Human Rights Specialist assigned to your case when the active investigation of your complaint begins. In the meantime, if you have any questions please call our office at (716) 847-7632.

Very truly yours,

Tasha E. Moore
Regional Director

RECEIVED
NOV 01 2010
BUFFALO REGIONAL OFFICE

DAVID A. PATERSON
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>ANTONIO COLON,<br>Complainant,<br>v.<br><br>SPS TEMPORARIES, INC.,<br>Respondent. | VERIFIED COMPLAINT<br>Pursuant to Executive Law, Article 15<br><br>Case No.<br>**10144622** |

Federal Charge No. 16GB100248

I, Antonio Colon, residing at 3 Mariner Tower, Apt. 703, Buffalo, NY, 14201, charge the above named respondent, whose address is 2690 Sheridan Drive, Tonawanda, NY, 14150 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of race/color.

Date most recent or continuing discrimination took place is 10/1/2010.

The allegations are:

1. I am Hispanic. Because of this, I have been subject to unlawful discriminatory actions.

2. I was hired by the respondent on January 24, 2010 and placed at Canisius College where I last held the job title of janitor.

3. The respondent subjected me to disparate treatment because of my race, including, but not limited to the following: 1) they did not follow up with me on my assignment; 2) On October 1, 2010, the respondent told me that the assignment at Canisius had ended, which is not true; 3) Also on October 1, 2010, the respondent told me not to go Canisius to ask about a

position because Canisius did not want me there; 4) they have not placed me anywhere else.

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of race/color, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment). I hereby authorize SDHR to accept this verified complaint on behalf of the U.S. Equal Employment Opportunity Commission (EEOC) subject to the statutory limitations contained in the aforementioned law(s).

I have not commenced any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

Antonio Colon

Antonio Colon

STATE OF NEW YORK )
COUNTY OF Erie ) SS:

Antonio Colon, being duly sworn, deposes and says: that he/she is the complainant herein; that he/she has read (or had read to him or her) the foregoing complaint and knows the content thereof; that the same is true of his/her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he/she believes the same to be true.

Antonio Colon
Antonio Colon

Subscribed and sworn to
before me this 27th day
of October, 2010

Marta I. Vazquez
Signature of Notary Public

MARTA I VAZQUEZ
Notary Public - State of New York
NO. 01VA6072212
Qualified in Erie County
My Commission Expires 4/1/2014

**NEW YORK STATE**
**DIVISION OF HUMAN RIGHTS**

**DO NOT JEOPARDIZE YOUR RIGHTS. COMPLETE AND RETURN THIS FORM TO THE REGIONAL OFFICE IF YOU MOVE.**

Return to:
**NYS Division of Human Rights**
**Buffalo Regional Office**
**65 Court Street, Suite 506**
**Buffalo, New York 14202**
or by fax to: **(716) 847-7625**

PLEASE PRINT

Re: Antonio Colon v. SPS Temporaries, Inc.
CASE NO: 10144622

COMPLAINANT'S NAME: Antonio Colon

New name, address, and/or telephone:

NAME: ______________________________

ADDRESS: ______________________________

______________________________

TELEPHONE NO: ______________________________

DAYTIME/OTHER TELEPHONE NO: ______________________________

I WILL BE AT MY NEW ADDRESS ON OR AFTER: ______________________________

Please indicate below the name, address, and telephone number of a person who may be contacted and will know your whereabouts if the Division cannot locate you:

______________________________

______________________________

______________________________

______________________________

______________________________ ______________________________
Date Complainant's Signature

NEW YORK STATE
**DIVISION OF HUMAN RIGHTS**
WALTER J. MAHONEY STATE OFFICE BUILDING
65 COURT STREET, SUITE 506
BUFFALO, NEW YORK 14202

(716) 847-7632
Fax: (716) 847-7625
www.dhr.state.ny.us

DAVID A. PATERSON
GOVERNOR

GALEN D. KIRKLAND
COMMISSIONER

# INFORMATION FOR COMPLAINANTS

## CONCERNING COMPLAINT PROCEDURES OF NEW YORK STATE DIVISION OF HUMAN RIGHTS

The New York State Division of Human Rights is a State agency mandated to receive, investigate and resolve complaints of discrimination under N.Y. Executive Law, Article 15 ("Human Rights Law"). The Division's role is to fairly and thoroughly investigate the allegations in light of all evidence gathered.

## YOUR RIGHTS AND RESPONSIBILITIES AS A COMPLAINANT

- You have a right to obtain a private attorney at any time, but you are not required to do so.
- If you experience any further conduct by the Respondent that you believe is discriminatory, or is in retaliation for filing your complaint, you should immediately report it to the Division of Human Rights.
- You must notify the Division of any change in your address or telephone number. If the Division cannot contact you, we may not be able to proceed with your case. Inability to locate you will result in the eventual administrative dismissal of your case.
- Your complaint may voluntarily be withdrawn in writing by you at any time. The withdrawal form must be signed by you or your attorney (original or fax will be accepted). A withdrawal form may be obtained from the Division.
- Conciliation or settlement is possible at all points in the proceeding, and the Division may provide assistance with conciliation or settlement at the request of any party.
- You, or your attorney, may review the Division's file in this matter, and may copy by hand any material in the file, or obtain photocopies at a nominal charge. The Respondent in this matter has the same right to review the file.

## WHAT IS THE INVESTIGATIVE PROCEDURE?

The Division represents neither the Complainant nor the Respondent. The Division pursues the State's interest in the proper resolution of the matter in accordance with the Human Rights Law. Upon receipt of a complaint, the regional office will:

- Notify the Respondent(s). (A Respondent is a person or entity about whose action the Complainant complains.)
- Resolve issues of questionable jurisdiction.

- Forward a copy of the complaint to the U.S. Equal Employment Opportunity Commission (EEOC) or the U.S. Department of Housing and Urban Development (HUD), where applicable. Such federal filing creates a complaint separate and apart from the complaint filed with the Division, and protects your rights under federal law, although in most cases only one investigation is conducted pursuant to work-sharing agreements with these federal agencies.
- Investigate the complaint through appropriate methods (written inquiry, field investigation, witness interviews, requests for documents, investigatory conference, etc.), in the discretion of the Regional Director. The investigation of the complaint is to be objective.
- Allow the parties to settle the matter by reaching agreement on terms acceptable to the Complainant, Respondent and the Division. The Division will allow settlement from the time of filing until the matter reaches a final resolution.
- Determine whether or not there is probable cause to believe that an act of discrimination has occurred, if the matter cannot be settled prior to that Determination. The Division will notify the Complainant and Respondent in writing of the Determination.

**WHAT IS THE DIVISION'S POLICY ON ADJOURNMENTS AND EXTENSIONS?**

It is the Division's policy to investigate all cases promptly and expeditiously. Therefore, you are expected to cooperate with the investigation fully and promptly. No deadlines will be extended at any time during the investigation, unless good cause is shown in a written application submitted at least five (5) calendar days prior to the original deadline.

**WHAT IS THE PROCEDURE FOLLOWING THE INVESTIGATION?**

If there is a Determination of no probable cause, lack of jurisdiction, or any other type of dismissal of the case, the Complainant may appeal to the State Supreme Court within 60 days.

If the Determination is one of probable cause, there is no appeal to court. The case then proceeds to public hearing before an Administrative Law Judge. Under Rule 465.20 (9 N.Y.C.R.R. § 465.20), the Respondent may ask the Commissioner of Human Rights within 60 days of the finding of probable cause to review the finding of probable cause.

**WHAT IS A PUBLIC HEARING?**

A public hearing, pursuant to the Human Rights Law, is a trial-like proceeding at which relevant evidence is placed in the hearing record. It is a hearing de novo, which means that the Commissioner's final decision on the case is based solely on the content of the hearing record. The public hearing is presided over by an Administrative Law Judge, and a verbatim transcript is made of the proceedings.

The hearing may last one or more days, not always consecutive. Parties are notified of all hearing sessions in advance, and the case may be adjourned to a later date only for good cause.

The Complainant can retain private counsel for the hearing, but is not required to do so. If Complainant is not represented by private counsel, the Division's counsel prosecutes the case in support of the complaint. Respondent can retain private counsel for the hearing, and, if Respondent is a corporation, is required to be represented by legal counsel. Attorneys for the parties or for the Division may issue subpoenas for documents and to compel the presence of witnesses.

At the conclusion of the hearing sessions, a proposed Order is prepared by the Administrative Law Judge and is sent to the parties for comment.

A final Order is issued by the Commissioner. The Commissioner either dismisses the complaint or finds discrimination. If discrimination is found, Respondent will be ordered to cease and desist and take appropriate action, such as reinstatement, training of staff, or provision of reasonable accommodation of disability. The Division may award money damages to Complainant, including back pay and compensatory damages for mental pain and suffering, and in the case of housing discrimination, punitive damages, attorney's fees and civil fines and penalties. A Commissioner's Order may be appealed by either party to the State Supreme Court within 60 days. Orders after hearing are transferred by the lower court to the Appellate Division for review.

## WHAT IS A COMPLIANCE INVESTIGATION?

The compliance investigation unit verifies whether the Respondent has complied with the provisions of the Commissioner's Order. If the Respondent has not complied, enforcement proceedings in court may be brought by the Division.

## NOTICE PURSUANT TO PERSONAL PRIVACY PROTECTION LAW

Pursuant to the Human Rights Law, the Division collects certain personal information from individuals filing complaints and from those against whom a complaint has been filed. The information is necessary to conduct a proper investigation; failure to provide such information could impair the Division's ability to properly investigate the matter. This information is maintained in a computerized Case Management System maintained by the Division's Director of Information Technology, who is located at One Fordham Plaza, Bronx, New York, (718) 741-8365.

## GENERAL INFORMATION

For a more detailed explanation of the process, see the Division's Rules of Practice (9 N.Y.C.R.R. § 465) available on our website www.dhr.state.ny.us. If you have any additional questions about the process, the investigator assigned to the case will be available to answer most questions.

# NY DHR

## Complaint Summary Report

**Complaint #:** 10144622-10-E-R-E

**Status:** Investigation

**Complainant:** Antonio Colon
3 Mariner Tower, Apt. 703
Buffalo, NY 14201
(716) 464-8275

**Federal Charge #:** 16GB100248

**Jurisdiction:** Employment

**Filed:** 11/3/2010 **Days Old:** 0

**Attorney:**

**Most Recent Discrimination:** 10/1/2010

**Respondent:** SPS Temporaries, Inc.
2690 Sheridan Drive
Tonawanda, NY 14150
(716) 892-1151

**Assigned:**

**Last Event Date:** 1/16/2012

**Attorney:**

**Last Event Type:** Commissioner's Order Due Date

**Investigator:**

**Investigating Office:** Buffalo

**Determination Date:**

**Basis:** Race/Color;

**Key:** 45317

Report Complete. Number of main records listed: 1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

Antonio Colon
3 Mariner Tower, Apt. 703
Buffalo, NY 14201

EEOC Charge Number: 16GB100248
NYSDHR Case Number: 10144622

**NOTICE**

This office has been informed that you filed a complaint of employment discrimination with the New York State Division of Human Rights (NYSDHR). The purpose of this notice is to inform you of your federal rights pursuant to one or more of the statutes under which you may have filed. Please be advised that your complaint will be investigated by the New York State Division of Human Rights, not the Federal Equal Employment Opportunity Commission (EEOC). All questions, correspondence and status reports with regard to your case must be directed to the New York State Division of Human Rights office where your complaint was filed.

**YOUR FEDERAL RIGHTS** (if you filed under):

[X] Title VII of the Civil Rights Act of 1964, as amended – If you want to file a private lawsuit in federal district court with your own private attorney because you do not want the New York State Division of Human Rights to conduct an investigation, you may request from the EEOC a Notice of Right to Sue, 180 days after you have filed your complaint. Once the EEOC grants your request, it is only valid for ninety (90) days from the date the Notice was issued, after which your time to sue expires. If you want the New York State Division of Human Rights to conduct an investigation, you do not need to make this request, or to contact or write either agency. The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

[ ] The Americans with Disabilities Act of 1990 (ADA) – Same as Title VII, above.

[ ] The Age Discrimination in Employment Act of 1967, as amended(ADEA) – If you want to file a private lawsuit with your own private attorney, you could do so any time after 60 days from the date you filed your complaint with the New York State Division of Human Rights. This is only if you do not want the New York State Division of Human Rights to conduct an investigation, otherwise you do not need to do anything at this time. The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

Date: November 3, 2010

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

**EEOC REVIEW PROCEDURE**

If you want the EEOC to review the New York State Division of Human Rights final determination, because you are not satisfied with their final findings, you may request that the EEOC conduct a substantial weight review. This request must be done in writing to the EEOC and within fifteen (15) days from the date you received the New York State Division of Human Rights final determination. Otherwise, we will adopt the state findings.

You review request must specify the reason(s) why you do not agree with the New York State Division of Human Rights final determination.

Mail your request for substantial weight review to:

Equal Employment Opportunity Commission
Attn: State and Local Unit
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

This address is for review purposes only. Remember, if you have questions concerning the status of your case, you must contact the New York State Division of Human Rights.

Date: November 3, 2010

Revised 03/06 NYWD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

# HOW TO FILE YOUR EMPLOYMENT DISCRIMINATION CASE

(Check the Western District's web site at **www.nywd.uscourts.gov** for copies of many of the Court's forms and other useful information.)

**IMPORTANT:** This packet includes the employment discrimination complaint forms and the additional materials you have requested. You must fill out accurately the correct number of forms and submit them to the Court. If you fill out the forms incorrectly and/or send the wrong number of forms, they will be returned to you.

**Please be aware that pursuant to the conversion of Federal Courts to electronic filing, all material filed in this Court is available for review via the INTERNET to anyone who has a PACER account. Please take this into consideration in the manner in which you file your case.**

## I. COMPLAINT

1. To start an action, your must file an original and one copy of your complaint for each defendant you name. Keep one copy of the complaint for your own personal file.

2. Fill out the complaint form completely, supplying all requested information in the spaces provided. *All copies of the complaint must be identical to the original.*

3. Your complaint must be legibly handwritten or typewritten. If you need additional space to answer a question, you should add an additional blank page. *However, additional pages should be used only if absolutely necessary; your complaint should be specific but as brief as possible. See* Fed.R.Civ.P. 8(a).

4. You will note that you are required to give facts. *The complaint should not contain legal arguments or citations to cases.* Just tell your story.

5. Attach to each completed complaint one copy of **each** of the following documents:

   (a) Original complaint filed with the Equal Employment Opportunity Commission (EEOC);
   (b) Notice of the Right to Sue Letter from the EEOC;
   (c) Determination made by the New York State Division of Human Rights and/or the EEOC on your charges.
   **Note: Failure to attach these documents will result in delay in the initiation of your action.**

6. Sign each complaint before a notary public, if possible. If not, affirm the truth of the allegations and sign under "penalty of perjury."

(b) Plaintiff: print or type your name;
Antonio Colon

(c) Defendant: print or type all of the defendant's name;
SPS Temporaries inc. Canisius College

(d) Court number: leave blank

(e) To the right of the large black arrow: print or type the name of **one** of the defendants on each form. A separate form must be filled out for **each** defendant. Thus, if you have one defendant, you will fill out one form, if you have more than one defendant, you will fill out one additional form for each additional defendant.

(f) Type of writ: print or type "Summons and Complaint";

(g) In block marked "Send Notice of Service Copy to Name and Address below", print or type your name and address; and

(h) In block marked "Name and Signature of Attorney or Other Originator", sign your name, followed by "Pro Se", provide your telephone number and date the form.

**IMPORTANT:** If you cannot pay the $350.00 filing fee and are applying for permission to proceed as a poor person, no papers will be served upon the defendants until the District Judge has granted you permission to proceed as a poor person and directed the United States Marshal to serve the complaint.

## V. CIVIL COVER SHEET

Fill out the "Civil Cover Sheet" according to these instructions:

I.(a) Print your name as Plaintiff in the box provided; to its right print all of the defendants' names as Defendants;

I.(b) Print your county of residence in the space provided; to its right print the county of residence of the first named defendant;

I.(c) Print "Pro Se" under Plaintiff's Attorney; to its right leave the Defendant's Attorney box blank;

II. Basis for Jurisdiction: check Box No. 3: Federal Question;

III. Citizenship of Principal Parties: leave blank;

IV. Cause of Action: print "42 U.S.C. § 2000e-5" and "Title VII";

7. You **must** notify the Clerk's Office and all defendants (or their attorneys) of any address changes. **Failure to do so may result in dismissal of your complaint pursuant to Local Rule of Civil Procedure 5.3(d).**

8. The Clerk of Court will not file your complaint unless it conforms to these instructions and to these forms pursuant to Local Rules of Civil Procedure 5.2 and 5.3.

9. If there is more than one plaintiff, each and every plaintiff must submit a Motion to Proceed *In Forma Pauperis*, and each plaintiff must sign the complaint individually. After the complaint has been filed, one plaintiff may submit a document to be filed on behalf of all the plaintiffs **only** if **all** of the other plaintiffs have signed a statement giving that plaintiff the authority to submit documentation on their behalf. Otherwise, each plaintiff must sign all documents submitted to the court.

## VII. MAILING INSTRUCTIONS

Finally, bring or mail all of the above papers to either one of the addresses below:

United States District Court Clerk
304 U.S. Courthouse
68 Court Street
Buffalo, New York 14202-3498
(716) 551-4211 or (716) 551-5759

United States District Court Clerk
2120 U.S. Courthouse
100 State Street
Rochester, New York 14614-1387
(585) 613-4000

## VIII. PRO SE STAFF ATTORNEYS

If you have general questions about procedures, you may contact the Pro Se Staff Attorneys at one of the above addresses for information. You may also ask the Pro Se Staff Attorneys for current information about how to obtain forms from the Court web site and how to access the Federal Rules and other legal information on the Internet. (Most public libraries now offer Internet access to library patrons.)

**NOTE:** The Pro Se Staff Attorneys can only provide technical and procedural information and certain forms such as for filing motions and affirming service; they cannot assist you with the substantive law governing your lawsuit or give you legal advice about your case.

NEW YORK STATE
**DIVISION OF HUMAN RIGHTS**
WALTER J. MAHONEY STATE OFFICE BUILDING
65 COURT STREET, SUITE 506
BUFFALO, NEW YORK 14202

(716) 847-7632
Fax: (716) 847-7625
www.dhr.state.ny.us

DAVID A. PATERSON
GOVERNOR

GALEN D. KIRKLAND
COMMISSIONER

November 9, 2010

Antonio Colon
3 Mariner Tower, Apt. 703
Buffalo, NY 14201

Re: Antonio Colon v. Canisius College
Case No. 10144615

Dear Antonio Colon:

Enclosed is a copy of the respondent's written response to your recently filed complaint. At this time, we are asking you to submit a written response (known as a "rebuttal") to the enclosed material, in order to further the investigation of your case. Please include your case number on your submission.

Please review the enclosed, and submit your written rebuttal to us by **November 24, 2010.** The Division will not extend the time for this response, unless good cause is shown in a written application, submitted at least five (5) calendar days prior to the time the response is due.

If we do not hear from you, we will assume you have nothing to add. The case may then be decided on the basis of what is in the file.

**Protection of personal privacy**: You may wish to submit documents in support of your complaint. The Division observes a personal privacy protection policy consistent with Human Rights Law § 297.8 which governs what information the Division may disclose, and the N.Y. Public Officer's Law § 89 and § 96-a, which prohibit disclosure of social security numbers and limit further disclosure of certain information subject to personal privacy protection. Please redact or remove personal information from any documentation submitted to the Division, unless and until the Division specifically requests any personal information needed for the investigation. The following information should be redacted: the first five digits of social security numbers; dates of birth; home addresses and home telephone numbers; any other information of a personal nature. The following documentation should not be submitted unless specifically requested by the Division: medical records; credit histories;

resumes and employment histories. The Division may return your documents if they contain personal information that was not specifically requested by the Division. If you believe that inclusion of any such personal information is necessary to support your complaint, please contact me to discuss before submitting such information.

Please remember that you must notify us immediately, in writing, of any change in your address or telephone number. Thank you for your cooperation.

Very truly yours,

Tasha E. Moore

Tasha E. Moore
Regional Director

Canisius
COLLEGE
Where leaders are made

RECEIVED
NOV 04 2010
BUFFALO REGIONAL OFFICE

Human Resources Department
Bagen Hall 108 | phone 716-888-2240 | fax 716-888-2233

November 3, 2010

Tasha E. Moore
Regional Director
NYS Division of Human Rights
Buffalo Regional Office
65 Court Street, Suite 506
Buffalo, NY

Re: Antonio Colon v. Canisius College
SDHR NO: 10144615

Dear Ms. Moore,

This letter is in response to the complaint filed by Antonio Colon on October 20, 2010. Mr. Colon was not treated differently because he is Hispanic, nor was he not hired because he is Hispanic. Mr. Colon did not have a driver's license, which is a requirement of the job and has been such a requirement for many years.

Allegation

1. I am Hispanic. Because of this, I have been subject to unlawful discriminatory actions.

**Response: Mr. Colon has not been subject to unlawful discriminatory actions.**

2. On January 24, 2010, I was assigned to the respondent by SPS, a temporary employment agency. I last held the job title of janitor in the housekeeping department.

**Response: Mr. Colon was assigned to Canisius College by SPS, a temporary employment agency. Mr. Colon held the position of temporary housekeeper.**

3. I was subjected to differential treatment by the respondent because of my race. For example, during the time I was assigned to the night shift, my supervisor Nate Oliver frequently checked up on me although I had no performance issues. He sometimes checked my work as often as every hour and checked areas I had just cleaned to see if I had stolen anything, which I never did. He did not treat similarly situated non-Hispanic workers in this way.

**Response: Mr. Colon was not treated any differently than any other individual entering the workforce in the Housekeeping Department. A new entrant would warrant closer supervision. In addition to his newness, however, there was a work-order (attached) and phone messages that Mr. Oliver received during Mr. Colon's first few weeks in the Student Center that warranted closer inspection of his work.**

- Work order 365591 (2/4/10) stated the first floor student Center men's restroom was completely out of toilet paper.

In addition notes of voicemails received by Mr. Oliver record:

- 1/27/10 Myron McAdory, Lead Housekeeping Manager, called at 9:50 AM and stated that he needed to insure that Antonio went into CPLD's graduate assistants' office SC08 because he had not been going in there to clean or remove trash.
- 2/4/10 Myron McAdory called at 5:00 PM stating that trash had never been taken out of Grupp Fireside Lounge and Regis Room, and that paper towels and toilet paper had run out in the 2nd floor restrooms.

There was never a belief, accusation, or discussion among any representatives of Canisius College regarding Mr. Colon stealing anything.

4 In June, 2010, I was switched to the day shift by the respondent who was aware that I did not have a driver's license. I became a "24 worker" but I was paid less than a similarly situated Black employee. Before I took over this position, the duties were performed by two people. In addition, the respondent's employees refused to leave me alone in their offices, staying until I was finished cleaning, which they had not done when my predecessor, who was Black, (first and last name unknown) cleaned their offices.

Response: Mr. Colon was moved to the 2:00 PM to 10:30 PM position in June, 2010. He was "Unit 24," which is the radio contact that is required to respond to housekeeping issues called in by the Public Safety Department. They can be anywhere on the campus. The College was aware that he did not have a driver's license. In order to get to another building, he walked, took the campus shuttle or was driven by an HVAC Technician.

The Black employee that is "Unit 24" on day shift, Jimmy Anderson, is a Canisius employee that holds the title of working foreman. He provides direction to other Canisius first shift Housekeepers and is paid more than Mr. Colon. Canisius College paid SPS, the temporary agency that provided Lakisha Jorden, a Black temporary Housekeeper the same hourly rate for both Mr. Colon and Ms. Jorden. The College is not sure who Mr. Colon is referring to.

It is important to note that Mr. McAdory met with Mr. Colon almost every work day when Mr. Colon signed in to check the status of the second shift Public Safety calls. He was asked regularly how things were going. During any of the meetings held with Mr. McAdory, Mr. Colon never brought forward any of the issues he is now alleging in this complaint.

It is also important to note the second shift position is the least of supervised in the Housekeeping Department. The incumbent is the only Housekeeper on site for a period of time. If there was an issue of trust, Mr. Colon would not have been assigned to that shift.

Until February, 2006, the Student Center was cleaned by two employees. The College has since operated with one Housekeeper, because there has been an increased utilization of automated cleaning equipment and duties have lessened. Since 2006, there have been three Canisius employees, who filled the role:

- Nancy Mercado (Hispanic female)
- Leta Peto (Caucasian female)
- Deborah Kubiak (Caucasian female)

5 On September 1, 2010, I completed an employment application for a cleaner position with the respondent. On September 30, the respondent told me I could no longer work there because I did not have a driver's license. I believe this was an excuse and that the real reason the respondent did not hire me or allow me to continue working there was because I am Hispanic.

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of race/color, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment). I herby authorize SDHR to accept this verified complaint on behalf of the U.S. Equal Employment Opportunity Commission (EEOC) subject to the statutory limitations contained in the aforementioned law(s).

I have not commenced any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

**Response: In response to a grievance filed by the SEIU on 3/1/2010 (attached) and settled on 9/3/10, (attached), Mr. Colon received an application on or about 9/3/10. The grievance involved the interpretation of temporary employees in the workplace. When this grievance was filed, Mr. Colon had been working as a temporary through SPS for little more than a month. When this settlement was developed the authors, attorneys for the Union and the College, were not aware that Mr. Colon lacked a driver's license, but were aware that a driver's license was required for this position, as illustrated by the job advertisements placed in the Buffalo News for this position over a period of years. (Attached.)**

**Because Mr. Colon had worked for the College more than 90 days as a temporary employee, Mr. Colon was given an application on or about September 3, 2010, per the settlement agreement.**

**He did not immediately return the application. Both Mr. McAdory and Mr. Oliver followed up with him and he responded if he didn't get the job because of his license, he would go work somewhere else. He stated he didn't care. He returned the application on September 14 and stated to Dawn Rotterman, Human Resources Associate, that he was in the process of obtaining his license. He said he was exchanging a Puerto Rican driver's license for a NYS license.**

**On September 30, 2010, Deborah Winslow-Schaber (Hispanic), Director of Human Resources, met with Mr. Colon regarding his status. He stated that he was still in the process of obtaining his license. Ms. Winslow-Schaber stated that a driver's license was a requirement of the position and a requirement that had been in place for a long time. She stated that the College had given him additional time to obtain the license. She told him he could not be considered for the position without a driver's license. Mr. Antonio asked if he should go home. He was told he could finish his shift and the rest of the week. Mr. Antonio stated that he would just as soon go home. Mr. McAdory was notified that Mr. Antonio was leaving. Contrary to what he stated, Mr. Antonio went back to work and completed the week.**

When the SPS account representative, Shannon Scamacca, placed Mr. Colon with the College, she told him he needed a NYS driver's license to be considered for direct employment with the College. She shares that information with all placements at Canisius College. Nathaniel Oliver, Mr. Colon's supervisor, encouraged him on several occasions before the grievance arose to obtain his NYS driver's license if he wanted to be considered for employment.

The College did not discriminate against Mr. Colon. It fully expected him to at some point begin working as a Housekeeper directly for Canisius College. While the settlement was in the final stages of acceptance, Mr. Colon's family experienced the very sad death of his nephew and the College arranged for bereavement pay through SPS. The College had never done this for a temporary employee before, but did so, believing that Mr. Antonio would someday be a permanent Canisius employee.

If you have any additional questions, please do not hesitate to call me at the above number.

Sincerely,

Deborah J. Winslow-Schaber

Deborah J. Winslow-Schaber
Director of Human Resources

# Work Order Worksheet

**W.O. # 365591**

Status: Completed

PM #: 0

Due Date: 02/04/2010

Date Created: 02/04/2010

Requested By: Brian Smith

Phone Nbr: X2190

Assigned To: Nate Oliver

W.O. Type: Housekeeping

Craft Descr: Housekeeping

**Asset Information**

Asset Code : SC-01 - Floor 1

Room / Area: men's restroom

Location : Richard E. Winter 42 Student Ctr

**Work Requested:**

**The men's restroom is completely out of toilet paper.**

**Work Completed** **Log time to complete and appropriate notes using the Work Order Completion Module**

Work

Notes: Completed as specified. Add additional procedure notes if necessary: completed by temporary worker Antonio Colon.

24784

# SERVICE EMPLOYEES INTERNATIONAL UNION
## LOCAL 200UNITED
## WRITTEN GRIEVANCE FORM

rievant Class Action Date 3-1-2010

nployer CANisius College Employment Date

ob Title Department

hereby submit this Written Grievance after verbally taking it up with

(Supervisor/Supervisor's Designee) on (Date)

rticle and Section of Agreement allegedly violated Art. 1 (1B) Art. 2 (1) (Article) (Section)

lus any other Articles/Sections that may apply, plus any applicable past practice(s).

ature of Grievance: Circumventing the Contract by using ubcontractors & Not hiring employees following he 90 day period.

ttlement Desired:

nd/or anything an arbitrator may award.

ep II

bmi (Employee) (Date) Received (Company) (Date)

[signature] (Union Rep.) 3-1-2010 (Date)

sposition

(Company) (Date)

ep III

quest for resubmission because:

(Union Rep.) (Date) Received (Company) (Date)

position

(Company) (Date)

p IV

uest for submission to arbitration: (Union) (Date)

EMPLOYER COPY

Agreement to Settle Grievance Number 24784 dated March 1, 2010

The College acknowledges that it has not abided by Article 1, Section 1B of the collective bargaining agreement with regard to the retention of two (2) employees of temporary employment agencies. Those employees are:

Lakisha Jorden – full-time, 40 hours per week, start date: 08/19/09

Antonio Colon – full time, 40 hours per week, start date: 01/25/10

The College agrees to immediately classify these individuals as regular employees and have them join the Union in accordance with Article 1, Section 1B. In accordance with usual practice, to be classified as Canisius employees these individuals will have to have valid NYS drivers' licenses with a positive driving record and successfully pass a background and reference check.

The College pledges that it will, in the future, apply Article 1, Section 1B correctly in regards to temporary employees it retains from temporary employment agencies and have them join the Union after a ninety (90) working day probationary period.

Grievance 24784 is attached to this Settlement Agreement.

Canisius College

By: [signature]

Date: 9/3/10

SEIU, Local 200

By: [signature], Esq.

Date: 8/31/10

Doc # 03-113893.1

# THE BUFFALO NEWS

## -Receipt-

| | |
|---|---|
| Date: | **10/29/09** |
| Account #: | **166911** |
| Company Name: | **Canisius College** |
| Contact: | **Jennifer L. Skowron** |
| Address: | **2001 Main Street**<br>**Buffalo, NY 14208** |
| Telephone: | **(716) 888-2247** |
| Fax: | **(716) 888-2233** |

| | |
|---|---|
| Ad ID: | 528709 |
| Run Dates: | 11/01/09 to 11/05/09 |
| OC_Flag3: | N |
| # of Inserts: | 2 |
| Columns wide: | 1 |
| Total # of Lines: | 9 |
| Total Cost: | $149.41 |
| Ad Class: | 210 |
| Account Rep: | Janet Sherman |
| Phone # | (716) 849-5481 |
| Email: | jsherman@buffnews.com |

| Payments: | Method | Card Type | Name on Card | Last 4 Digits | Expire Date | Check Number | Amount Paid |
|---|---|---|---|---|---|---|---|
| | **CC** | **VISA** | **JENNIFER L. SKOWRON** | **5057** | **01/10** | | **$149.41** |

| | |
|---|---|
| Gross: | **$149.41** |
| Paid Amount: | **- $149.41** |
| Amount Due: | **$0.00** |

## Your ad

**CLEANER**, Canisius College. FT-requires prior cleaning exp, solid work history, valid NYS driver's license w/good driving record. Work shift may include nights & weekends. $10.87/hr. Call 888-2289 for application. AA/EOE

# THE BUFFALO NEWS

## -Receipt-

| | |
|---|---|
| Date: | 03/27/09 |
| Account #: | 166911 |
| Company Name: | Canisius College |
| Contact: | Jennifer Skowron |
| Address: | 2001 Main St<br>Buffalo, NY 14208 |
| Telephone: | (716) 883-7000 |
| Fax: | 8882233 |

| | |
|---|---|
| Ad ID: | 452307 |
| Run Dates: | 03/29/09 to 04/02/09 |
| OC_Flag3: | N |
| # of Inserts: | 2 |
| Columns wide: | 1 |
| Total # of Lines: | 8 |
| Total Cost: | $132.92 |
| Ad Class: | 210 |
| Account Rep: | Susan Cryan |
| Phone # | (716) 849-5418 |
| Email: | scryan@buffnews.com |

| Payments: | Method | Card Type | Name on Card | Last 4 Digits | Expire Date | Check Number | Amount Paid |
|---|---|---|---|---|---|---|---|
| | CC | VISA | JENNIFER L. SKOWRON | 5057 | 01/10 | | $132.92 |

| | |
|---|---|
| Gross: | $132.92 |
| Paid Amount: | - $132.92 |
| Amount Due: | $0.00 |

### Your ad

**CLEANERS,** Canisius College. FT, requires prior cleaning exp, valid NYS driver's lic w/good driving record. Work shifts include nights & weekends. $10.64/hr to start. Call 888-2289 for appl. EOE

# THE BUFFALO NEWS

## -Receipt-

| | |
|---|---|
| Date: | 09/26/08 |
| Account #: | 166911 |
| Company Name: | Canisius College |
| Contact: | Jennifer Skowron |
| Address: | 2001 Main St<br>Buffalo, NY 14208 |
| Telephone: | (716) 883-7000 |
| Fax: | 8882233 |

| | |
|---|---|
| Ad ID: | 391704 |
| Run Dates: | 09/28/08 to 10/04/08 |
| OC_Flag3: | N |
| # of Inserts: | 2 |
| Columns wide: | 1 |
| Total # of Lines: | 11 |
| Total Cost: | $187.39 |
| Ad Class: | 210 |
| Account Rep: | Susan Cryan |
| Phone # | (716) 849-5418 |
| Email: | scryan@buffnews.com |

Payments:

| Method | Card Type | Name on Card | Last 4 Digits | Expire Date | Check Number | Amount Paid |
|---|---|---|---|---|---|---|
| CC | VISA | KATHLEEN KELLY | 5016 | 01/10 | | $187.39 |

Gross: $187.39

Paid Amount: - $187.39

Amount Due: $0.00

## Your ad

**CLEANERS,** Canisius College. FT, requires prior cleaning exp, valid NYS driver's lic w/good driving record. Work shifts include nights & weekends. Excellent benefits, $10.64/hr to start. Call 888-2289 for appl. EOE

SPS Temporaries Inc.

135 Delaware Avenue • Buffalo, New York 14202 • (716) 614-1000

October 1, 2010

**Re:** Mr. Antonio Colon
Ss#: xxx-xx-4683

To Whom It May Concern:

Please be advised that Mr. Antonio Colon is currently registered through SPS Temporaries, Inc. and worked at Canisus College from January 24, 2010 until October 1, 2010. He worked Sunday through Thursday 10:30pm until finish doing janitorial work.

If you should need any further information please feel free to contact me at the following (716) 842-0500 (Monday through Friday- 8:00am to 3:00pm). Thank you in advance for your attention in this matter.

Sincerely,

Ms. Rachel Bach
Service Coordinator

SPS TEMPORARIES, INC. 135 DELAWARE AVENUE BUFFALO, NEW YORK 14202 **707874**

| ---EMPLOYEE--- | | SOCIAL SEC NO | PAY RATE | | PERIOD END | SUI #71-34319 |
|---|---|---|---|---|---|---|
| 10-0084029 | COLON,A | 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 | .000 | H | 10/03/10 | |

| EARNINGS | HOURS | AMOUNT | YTD | TAX DEDUCTIONS | AMOUNT | YTD | DEDUCTIONS | AMOUNT | YTD |
|---|---|---|---|---|---|---|---|---|---|
| Regular | 32.00 | 328.00 | 14,093.75 | Federal W/H | .00 | 246.56 | | | |
| PERSONAL TIME | .00 | .00 | 164.00 | FICA | 20.34 | 884.00 | | | |
| | | | | MEDICARE | 4.76 | 206.91 | | | |
| | | | | NY State W/H | 5.45 | 305.19 | | | |
| | | | | NY State DI | .60 | 21.60 | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| GROSS EARNINGS: | 328.00 | YTD: | 14,257.75 | TOTAL TAXES: | 31.15 | TOTAL DEDUCT: | .00 |
| NET EARNINGS: | 296.85 | YTD: | 12,593.49 | TAXABLE WAGES: | 328.00 | NONTAX WAGES: | .00 |

TAKE THIS STUB WITH YOU IN THE EVENT YOU FILE FOR UNEMPLOYMENT BENEFITS